## LEACH v. XENIA (CITY).

### Ohio Appeals, 2nd Dist., Greene Co.

**865. OFFICE AND OFFICERS—681. Jurisdiction.**
1. Jurisdiction of police judge, elected by city commission, not void, but voidable.

2. Issue of such jurisdiction, to be available, must be raised prior to or at trial.

KUNKLE, J.

1. The jurisdiction, over criminal offense, of a police judge elected by a city commission, is voidable but not absolutely void.

2. To raise the issue of jurisdiction and make it available against such police judge, it is necessary that the objection be made at the time of or prior to the trial.

(Allread and Ferneding, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## METROPOLITAN LIFE INS. CO. v. FECZKO.

### Ohio Appeals, 8th Dist., Cuyahoga Co.

**723. LIFE INSURANCE—509. False Representation.**
1. Conditions in policy must be complied with before recovery can be had.

2. False statements, innocently made, held to . void policy.

3. Statement, in application, that insured had never been treated by physician or never had ailment of any kind, when, in fact, he had been in hospital and had bad case of cancer of which insurer did not know, held to bar recovery on part of beneficiary.

Cook, McGowan, Foote, Bushnell & Burgess, Cleveland, for Life Ins. Co.

Philip Sampliner, Cleveland, for Feczko.

VICKERY, J.

1. Conditions expressed in policy of life insurance must be complied with before there can be recovery on policy.

2. Statements made in an insurance policy if not true are conditions which defeat going into effect of policy and make it void though party makes statements innocently.

3. In action by beneficiary to recover on life policy, statements by insured, in application which becomes part of policy, that he had never been treated by physician or never had any ailment of any kind, held to avoid recovery on policy, when in fact insured, prior to writing policy, had been in hospital and had exploratory operation performed on him and was found to have bad case of cancer from which he died, and of which insurer did not know until death of insured.

(Sullivan, PJ. and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.